# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JENIFRE MCCONNELL,

      Plaintiff(s),

v.

ESTES EXPRESS LINES, INC.,

      Defendant(s).

Case No. 2:23-cv-01227-GMN-NJK

**Order**

[Docket No. 15]

Upon the second joint discovery plan filed in this case, the Court entered a scheduling order on August 14, 2023. Docket No. 12; *see also* Docket No. 11 (second discovery plan); Docket No. 9 (first discovery plan). On August 16, 2023, the parties filed a "Stipulation and [Proposed] Order to Extend Discovery," Docket No. 15, which is really a request for reconsideration of the scheduling order just entered, *see, e.g.*, *id.* at 3 ("If the current scheduling order stands . . .").

Motions for reconsideration are disfavored, *e.g.*, Local Rule 59-1(b), and "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

The instant stipulation unabashedly seeks relief from an order just entered (after already having a second bite at the apple) by presenting "more detailed information" that could have been provided in either of the prior two discovery plans. Docket No. 15 at 3.[1] Moreover, much of the reasoning in the reconsideration request could be said in almost any personal injury case. Although the reconsideration standards have not been met, the Court will afford partial relief as a <u>one-time</u>

---

[1] The local rules are plain that requests for special scheduling review require meaningful explanation as to why the Court should depart from the default schedule. Local Rule 26-1(a). Why the experienced counsel in this case need three chances to explain themselves on a simple matter remains unclear. The Court expects better moving forward.

courtesy to the parties, in that the discovery deadlines will be calculated from the removal date despite the earlier proceedings in state court, which including, *inter alia*, summary judgment motion practice.

Accordingly, the stipulation for reconsideration is **GRANTED** in part and **DENIED** in part.  Case management deadlines are hereby **RESET** as follows:

- Initial Disclosures:  August 23, 2023
- Amend the pleadings/ add parties:  November 2, 2023
- Initial experts:  December 4, 2023
- Rebuttal experts:  January 2, 2024
- Discovery cutoff:  January 31, 2024
- Dispositive motions:  March 1, 2024
- Joint proposed pretrial order:  April 1, 2024, or 30 days after resolution of dispositive motions

The parties must diligently advance discovery and take all reasonable steps to meet the deadlines set forth herein.

IT IS SO ORDERED.

Dated: August 22, 2023

_____
Nancy J. Koppe
United States Magistrate Judge