**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENIFRE MCCONNELL, | ) |
| Plaintiff, | ) Case No.: 2:23-cv-01227-GMN-NJK |
| vs. | ) |
| | ) **ORDER DISMISSING REQUEST FOR** |
| ESTES EXPRESS LINES, INC., | ) **PUNITIVE DAMAGES** |
| Defendants. | ) |

Defendant Estes Express Lines, Inc. seeks to dismiss Plaintiff Jenifre McConnell's request for punitive damages in this negligence action. (Mot. Dismiss, ECF No. 29).[1] Because a negligence claim cannot sustain a request for punitive damages, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.     BACKGROUND**

This case arises out of an alleged trip-and-fall incident resulting in bodily injury. (*See generally* Am. Compl., ECF No. 28).  Plaintiff was using Defendant's moving truck to transport her possessions. (*Id.* at ¶ 7).  As she was walking on a ramp extending from the trailer to the ground, she tripped and fell, allegedly due to missing sections of the floor of the ramp. (*Id.*).  Plaintiff sued Defendant for negligence, seeking general and special damages as well as punitive damages. (*See generally* Am. Compl.).  Defendant now moves to dismiss Plaintiff's request for punitive damages. (*See generally* Mot. Dismiss, ECF No. 29)

**II.    LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A pleading must give fair notice of a

---

[1] Plaintiff filed a Response, (ECF No. 32), to which Defendant filed a Reply, (ECF No. 33).

legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

At issue in this case is whether Plaintiff sufficiently alleged a request for punitive damages. In Nevada, courts can award punitive damages when a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." NRS 42.005(1). Generally, a plaintiff is not entitled to pursue punitive damages on negligence claims. *See Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 255

1  (Nev. 2008) (noting that the definitions in NRS 42.001 "denote[] conduct that, at a minimum,
2  must exceed mere recklessness or gross negligence."); *see also Madrigal v. Treasure Island*
3  *Corp*, No. 2:08-cv-01243-PMP-GWF, 2008 WL 11389168, at *4 (D Nev. Dec. 30, 2008)
4  (recognizing that evidence beyond mere negligence such as "unusual and serious circumstances
5  of oppression, hardship, and injury" must exist to support a punitive damages award) (quoting
6  *Forrester v. Southern Pacific Co.*, 134 P. 753, 769 (Nev. 1913))..

7        Here, Plaintiff pleads a cause of action for negligence due to Defendant's failure to
8  implement any written policies and procedures regarding the inspection of loading ramps. (Am.
9  Compl. ¶14).  This is an ordinary negligence claim, and the factual allegations do not
10 incorporate the "unusual and serious circumstances of oppression, hardship, and injury" needed
11 to raise Defendant's conduct to the level of malice required for punitive damages in negligence
12 claims. *See Thitchener*, 192 P.3d at 255; *Madrigal*, 2008 WL 11389168, at *4.  It has long been
13 established that negligence cannot support a punitive damages award. *Madrigal*, 2008 WL
14 11389168, at *4.  Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's
15 request for punitive damages.  Because Plaintiff may be able to plead additional facts
16 warranting punitive damages, the Court dismisses Plaintiff's punitive damages request without
17 prejudice. Fed. R. Civ. P. 15(a).
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 29), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for punitive damages is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that if Plaintiff can allege a claim beyond negligence warranting punitive damages, Plaintiff shall have 21 days from the date of this Order to file a Second Amended Complaint remedying the deficiencies identified in this Order. Failure to amend by this deadline will result in **dismissal** of Plaintiff's request for punitive damages, **with prejudice**.

**DATED** this __31_ day of July, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT